

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN D. ROY,<br>　　　Petitioner,<br><br>vs.<br><br>FCI BENNETTSVILLE'S<br>WARDEN, JOSEPH,<br>　　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 2:23-01778-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DEEMING AS MOOT RESPONDENT'S MOTION TO DISMISS**

Petitioner John D. Roy (Roy) filed a petition for habeas corpus under 28 U.S.C. § 2241 against Respondent FCI Bennettsville's Warden, Joseph (Joseph).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Joseph's motion for summary judgment. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 14, 2023. The Clerk's Office docketed Roy's objections on October 11, 2023. Joseph replied on November 6, 2023.

Roy seeks application of his earned time credits under the First Step Act, 18 U.S.C. § 3632(d) (ETCs). Yet, by his own admission, he has failed to exhaust his administrative remedies.

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (internal citations omitted)

Generally, courts refrain from excusing a petitioner's failure to exhaust his remedies before filing a Section 2241 petition unless he can show cause and prejudice. *See, e.g.*, *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) ("The interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process." (citing cases from the Third, Seventh, and Ninth Circuits)). The Fourth Circuit has also adopted this standard in an unpublished opinion. *See McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona*).

Although Roy complains that his release date is approaching, such that the BOP might fail to render a decision in time to fully utilize any ETCs, he fails to explain why he neglected to bring his administrative remedies earlier. Indeed, he has declined to even attempt to exhaust his administrative remedies as to his claims in this case. Thus, Roy has failed to show cause. Because both cause and prejudice are required, the Court will refrain from excusing his failure to exhaust his remedies.

Accordingly, the Court will overrule the objection. Because the Court determines he has failed to exhaust his administrative remedies, it need not discuss the merits of his petition. *See*

*Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Joseph's motion for summary judgment is **GRANTED**. Accordingly, Joseph's motion to dismiss is necessarily **DEEMED AS MOOT**.

To the extent Roy seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 27th day of November 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.